[Cite as *State v. Boggs*, 2020-Ohio-2881.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-07-114 |
| | : | O P I N I O N |
| - vs - | | 5/11/2020 |
| | : | |
| JEREMY BOGGS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-12-2210

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011 and David Brewer, 110 North Third Street, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Jeremy R. Boggs, appeals the 36-month prison sentence he received in the Butler County Court of Common Pleas after pleading guilty to seven counts of pandering sexually oriented matter involving a minor. For the reasons discussed below, we affirm his sentence.

{¶ 2} In August 2017, appellant's computer was seized pursuant to a search warrant. The computer's hard drive was found to contain 14 sexually oriented videos involving minors. Subsequently, on December 27, 2018, appellant was arrested and indicted on 14 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), felonies of the fourth degree. Appellant was released on a personal recognizance bond, which required weekly pretrial supervision and prohibited appellant from having contact with any children or using the internet.

{¶ 3} On May 6, 2019, following negotiations with the state, appellant pled guilty to seven counts of pandering sexually oriented matter involving a minor (counts one through seven). In exchange for his guilty plea, the state agreed to dismiss the remaining seven charges of pandering sexually oriented matter involving a minor (counts eight through fourteen). The trial court engaged in a full Crim.R. 11 plea colloquy. Appellant stated he understood the maximum penalties he faced as well as the rights he was waiving by pleading guilty. Appellant then stipulated as true and accurate the facts of the offenses as set forth in the bill of particulars. The bill of particulars described in detail the seven videos that the pandering charges were predicated on in counts one through seven of the indictment. These videos depicted young children, some as young as five, engaging in sexual activity with adults and other minors. The sexual activity included vaginal and anal intercourse, fellatio, cunnilingus, masturbation, and male ejaculation. The trial court accepted appellant's guilty pleas and found him guilty of the offenses. The court set the matter for sentencing on June 24, 2019 and ordered that a presentence-investigative report ("PSI") be prepared.

{¶ 4} At the sentencing hearing, appellant's counsel requested that the trial court impose community control sanctions on appellant rather than a prison term. Counsel noted that appellant did not have a prior criminal history, had voluntarily attended 32 counseling

sessions in the 21 months preceding sentencing, had maintained employment during the pendency of the case, and had not violated his pretrial supervision while released on bond. Counsel also pointed out that appellant had accepted responsibility for his actions by admitting to the pornographic materials on his computer when it was first seized by law enforcement and by entering guilty pleas to seven counts of pandering sexually oriented matter involving a minor. Finally, defense counsel noted that in 2016, appellant had a tumor in his esophagus that required chemotherapy. Counsel acknowledged that this medical event had occurred before appellant was indicted but he nonetheless indicated that the event "led to what happened in the actual indictment itself."

{¶ 5} After appellant was given the opportunity for allocution, the trial court announced appellant's sentence. The court noted that in fashioning appellant's sentence, it had considered the record before it, the PSI, the statements made by defense counsel and appellant, the principles and purposes of felony sentencing pursuant to R.C. 2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, and its discretion to impose a prison term pursuant to R.C. 2929.13(B). The court found appellant was not amenable to available community control sanctions and that "a term of imprisonment for these offenses is consistent with the overriding purposes of felony sentencing." The court sentenced appellant to a 12-month prison term on each of the seven counts of pandering sexually oriented matter involving a minor. The prison terms for counts one, two, and three were run consecutively to each other and the prison terms for counts four, five, six, and seven were run concurrently, for a total prison term of 36 months. Appellant was classified as a Tier II sex offender.

{¶ 6} Appellant now appeals his sentence, raising the following as his only assignment of error:

{¶ 7} THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED [APPELLANT] TO AN AGGREGATE TERM OF 36 MONTHS IN ODRC.

{¶ 8} Within his sole assignment of error, appellant challenges the trial court's decision to impose a prison term for his convictions, rather than community control, arguing that the 12-month prison term imposed on each count of pandering sexually oriented matter involving a minor goes against the purposes and principles of felony sentencing. He further contends that the trial court erred in imposing consecutive sentences as the record does not support the court's consecutive sentencing findings.

{¶ 9} An appellate court reviews an imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious,* 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 10} A trial court has discretion to impose a prison term on an offender who is convicted of a fourth-degree felony that is not an offense of violence if the offense is a sex offense in violation of any provision of Chapter 2907 of the Revised Code.  Former R.C. 2929.13(B)(1)(b)(v).[1]  "[I]n determining whether to impose a prison term as a sanction for a felony of the fourth * * * degree, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."  R.C. 2929.13(B)(2).

{¶ 11} The purposes of felony sentencing are to protect the public from future crime by the offender, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  R.C. 2929.11(A).  A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).  In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.  *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12.  The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence.  *State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 12} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 12 months in prison for each of his fourth-degree felony

---

1. After appellant was sentenced, R.C. 2929.13 was amended by 2019 Am.Sub.H.B. No. 166 (effective Oct. 17, 2019).

offenses for pandering sexually oriented matter involving a minor. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as appellant was convicted of sex offenses under Chapter 2907 of the Revised Code, as contemplated by R.C. 2929.13(B)(1)(b)(v), the court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, appellant was sentenced within the permissible statutory range for his fourth-degree felonies in accordance with R.C. 2929.14(A)(4), and the trial court properly imposed a mandatory five-year term of postrelease control.

{¶ 13} At the sentencing hearing, and in its sentencing entry, the trial court specifically referenced R.C. 2929.11 and 2929.12. The court discussed the principles and purposes of sentencing and looked at the seriousness and recidivism factors when determining that appellant was not amenable to community control sanctions. The court noted that it had considered appellant's work history, lack of pretrial supervision violations, lack of criminal history, and completed counseling sessions in fashioning a sentence. The court, however, found that the number and content of the videos found on appellant's computer demonstrated a prison term was warranted on each offense of pandering sexually oriented matter involving a minor. Appellant faced a prison term of up to 18 months on each pandering offense. However, after balancing the seriousness and recidivism factors in R.C. 2929.19, the court determined a 12-month sentence on each count was warranted. We find no error in this determination.

{¶ 14} Although appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v Steger*, 12th Dist. Butler No. CA2006-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No 13AP-810, 2014-Ohio-3696,

¶ 16. Pandering sexually oriented matter involving a minor is a serious offense. As we have previously recognized, "'children are seriously harmed by the mere possession of pornography in which they are depicted.'" *State v. McCartney*, 12th Dist. Clinton No. CA2003-09-023, 2004-Ohio-4781, ¶ 47, quoting *State v. Maynard*, 132 Ohio App.3d 820, 827 (9th Dist.1999). "[C]onsumers of child pornography 'victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects.'" *Id.* at ¶ 48, quoting *United States v. Norris*, 159 F.3d 926, 930 (5th Cir.1998). "[P]ossessing child pornography constitutes part of an organized criminal activity that helps to create a market for a product in which children are physically and psychologically abused." *Id.* By possessing graphic images of minors depicted in sexual activity, appellant caused serious harm to many child victims. Given the harm caused to the child victims and the nature and number of videos found on appellant's computer, the trial court did not err in finding appellant was not amenable to community control sanctions and that a 12-month prison term on each count of pandering sexually oriented matter involving a minor was appropriate.

{¶ 15} Appellant also challenges the trial court's decision to run three of the 12-month sentences consecutively, for an aggregate prison term of 36-months in prison. Appellant argues that his conduct and the record do not support the trial court's findings under R.C. 2929.14(C)(4).

{¶ 16} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7. The trial court's R.C. 2929.14(C)(4) findings are required to be made at the sentencing hearing and incorporated into the court's sentencing entry. *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8.

{¶ 17} The record shows that the trial court made the requisite findings at the sentencing hearing and later memorialized the findings in its sentencing entry. Specifically, at the sentencing hearing, the court stated:

> The Court will find pursuant then to 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime, and that consecutive sentences are necessary to punish the offender. The Court also finds consecutive sentences are not disproportionate to the seriousness of conduct and the danger possessed to the public. As well, the Court will find that at least two of the multiple offenses were committed as part of one or more courses of conduct; the harm caused was so great or unusual, no single prison term can accurately reflect the

seriousness of that conduct to make those findings in order to impose consecutive sentences.

{¶ 18} Although the language the trial court used in making the consecutive sentence findings was not a word-for-word recitation of the language in the statute, such language is not required. *State v. Alhashimi*, 12th Dist. Nos. CA2016-07-065 and CA2017-07-066, 2017-Ohio-7658, ¶ 67. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177 at ¶ 29.

{¶ 19} Here, the trial court engaged in the correct analysis. Furthermore, contrary to appellant's assertions, the record contains evidence supporting the court's findings under R.C. 2929.14(C)(4). The government has an interest in safeguarding the physical and psychological well-being of children and in preventing their sexual exploitation. *State v Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 54, citing *New York v. Ferber*, 458 U.S. 747, 756-757, 102 S.Ct. 3348 (1982). "Every video or image of child pornography on the internet constitutes a permanent record of that particular child's sexual abuse. The harm caused by these videos is exacerbated by their circulation." *Id.* Appellant admitted his computer contained seven video recordings of minor children, some as young as five, being vaginally and anally raped by adult men and minor males, children being forced to participate in fellatio and cunnilingus, and children being forced to masturbate adult males to ejaculation. These videos were separately downloaded onto appellant's computer as part of a course of conduct. "These videos are far worse than solitary photographs of naked children, which are themselves harmful to child victims." *Id.* at ¶ 55.

{¶ 20} Appellant nonetheless argues his lack of a prior criminal record, his voluntary participation in counseling, and his lack of pretrial supervision violations demonstrated consecutive sentences were not necessary. The trial court disagreed, stating,

> [t]he Court will indicate [appellant] was facing ten and a half years. I have not, by any means, imposed all of that, in large part because of some of the things [defense counsel] did point out [about appellant's pretrial behavior and lack of criminal history], and I have balanced those. However, I do still believe that a term of [consecutive] imprisonment is appropriate in this case.

We agree that consecutive sentences were appropriate in this case as the record supports the trial courts findings that consecutive sentences are not disproportionate to the seriousness of appellant's crimes and the danger he poses to the public, that consecutive sentences are necessary to protect the public from future crime and to punish appellant for his multiple downloads of child pornographic material, and that the harm committed by appellant's course of conduct was so great that a single prison term for his course of conduct would not adequately reflect the seriousness of his conduct.

{¶ 21} As the record supports the findings made by the trial court under R.C. 2929.14(C)(4), we find that the court did not err in running appellant's 12-month sentences on counts one, two, and three consecutively to one another, for an aggregate prison term of 36 months. Appellant's sentence is supported by the record and is not contrary to law. His sole assignment of error is, therefore, overruled.

{¶ 22} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.