[Cite as *State v. Lorenzen*, 2022-Ohio-2288.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                                   Court of Appeals No.  OT-21-033

　　　　Appellee                                            Trial Court No.  21 CR 112

v.

Kiel D. Lorenzen                                         **DECISION AND JUDGMENT**

　　　　Appellant                                          Decided:  June 30, 2022

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Kiel Lorenzen, appeals from a judgment entered by the Ottawa County Common Pleas Court, sentencing him on two counts of sexual battery and two counts of pandering sexually-oriented matter involving a minor or impaired person.  For the reasons that follow, we affirm the judgment of the trial court.

## Statement of the Case

{¶ 2} On June 10, 2021, the Ottawa County grand jury returned an indictment charging appellant with 37 sex offenses, including: 14 counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3), each offense being an upper tier felony of the third degree; eight counts of sexual battery, in violation of R.C. 2907.03(A)(2) and (B), each offense being an upper tier felony of the third degree; one count of voyeurism, in violation of R.C. 2907.08(C) and (E)(5), a felony of the fifth degree; one count of rape, in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree; six counts of illegal use of a minor in nudity-oriented matter or performance, in violation of R.C. 2907.323(A)(1) and (B), each offense being a felony of the second degree; and seven counts of pandering sexually-oriented matter involving a minor or impaired person, in violation of R.C. 2907.322(A)(1) and (C), each offense being a felony of the second degree.

{¶ 3} On August 24, 2021, appellant entered pleas of guilty to two counts of sexual battery and two counts of pandering sexually-oriented matter involving a minor or impaired person. On October 8, 2021, the trial court held a sentencing hearing and imposed maximum consecutive prison sentences for all four of the convictions, totaling 26 to 30 years in prison.

2.

**Statement of the Facts**

{¶ 4} At the plea hearing, held on August 24, 2021, appellant provided the following factual colloquy for the sexual battery counts, stating: "Your Honor, I acknowledge on August 1, 2011 through November 31, 2011, and also between the dates of January 1st, 2012, and April 30, 2012, I acknowledge that I did engage in inappropriate sexual acts with someone that was a minor and also that I did furnish alcohol on those occasions." Appellant provided a similarly succinct factual colloquy for the pandering counts, stating: "I did knowingly send, on September 1st, 2020 and also September 1st, 2020, send explicit or sexually-oriented material involving a minor back to the victim." The state elucidated: "I would simply note for the record that the pictures that he had sent to the victim were actually photographs or videos he had taken of the victim years before in what is known as a sextortion scheme * * *."

{¶ 5} At the October 10, 2021 sentencing hearing, the trial court received far more factual detail from the presentence investigation report, the victim, the victim's father, and the state of Ohio. As explained by the prosecutor:

> In this case, the Defendant ran a sextortion scheme that spanned a decade beginning with a juvenile that he plied with alcohol to begin the manipulative process.
>
> It didn't stop. When she tried to move on, when she told him she wanted to move on, in fact, after she got married, he continued trying to

3.

sextort her by threatening to disclose videos and images that he had of her, not simply to family, but to religious elders, people in her faith, knowing that she would be ostracized from that family that she knows through the church of Jehovah's Witness.

{¶ 6} The trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, and R.C. 2929.13.  The trial court then imposed maximum prison terms for all four of appellant's convictions -- 60 months for each count of sexual battery, and 8-12 years for each count of pandering -- and ordered that all four prison terms be served consecutively to one another, for a total term of imprisonment of 26-30 years.

{¶ 7} The court made the specific findings, as required by R.C. 2929.14, for the imposition of consecutive prison terms, stating as follows:

> The Court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.

> The court further finds that at least two or more of the multiple offenses committed were so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4.

I would echo what the State has said in that we do note that there is not a history of criminal convictions in this case, but I do note that this is not a single offense. It is not something that happened once or twice. It is abuse that went on for a long period of time, so the history of criminal conduct is another factor the Court has considered in consecutive sentencing.

{¶ 8} The trial court then recorded its findings in its sentencing judgment entry, journalized on October 8, 2021. It is from this judgment entry that appellant currently appeals.

## Assignments of Error

{¶ 9} Appellant asserts the following assignment of error on appeal:

I. The Trial Court's maximum and consecutive sentence was clearly and convincingly not supported by the record.

## Analysis

{¶ 10} We review challenges to felony sentences under R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 11} We begin our analysis by considering appellant's claim that the trial court erred in imposing consecutive sentences. In *State v. Perz*, 6th Dist. Wood No. WD-20-079, 2021-Ohio-3856, this court recognized that R.C. 2929.14(C)(4) is the "exclusive procedural mechanism under which offenders can appeal consecutive sentences." *Id.* at ¶ 19, citing *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16 (holding that "[b]ecause R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under R.C. 2919.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences"). Thus, "an appellate court's review of consecutive findings is limited to challenges of a trial court's findings under R.C. 2929.14(C)(4)." *State v. Adams*, 6th Dist. Wood Nos. WD-21-017, WD-21-018, 2021-Ohio-2862, ¶ 8.

{¶ 12} R.C. 2929.14(C)(4) provides that in order to impose a consecutive sentence, a trial court must engage in the following three-part analysis:

First, the trial court must find the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness

6.

of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.* at R.C. 2929.14(C)(4)(a)-(c).

*State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11. In imposing consecutive sentences, a trial court need not recite any "magic" or "talismanic" words, "provided it is 'clear from the record that the trial court engaged in the appropriate analysis.'" *Id*. at ¶ 12, citing *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12.

{¶ 13} In the instant case, we find that the trial court engaged in the appropriate analysis and made the requisite findings in support of consecutive sentences both at the

7.

dispositional hearing and in its sentencing entry. As detailed above, appellant's course of conduct in the instant case involved a sextortion scheme that took place over many years, beginning with a juvenile victim whom he manipulated with alcohol, and which continued into the victim's adulthood, when he threatened her with disclosure of videos and images that he had of her. In imposing consecutive sentences, the trial court noted that the abuse in this case was "not something that happened once or twice," but rather was "went on for a long period of time." Upon our review of the record, we find the trial court's findings -- that consecutive service is necessary to protect the public from future crime and to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and that at least two of the multiple offenses committed were so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct -- are sufficient under R.C. 2929.14(C)(4) and are fully supported by the record.

{¶ 14} Next, we review appellant's claim that the trial court erred in imposing maximum terms on each individual charge. Specifically, appellant argues that the trial court, in imposing the maximum sentence on each charge, "paid lip service to the sentencing factors and guidance," but "did not actually consider the required factors."

{¶ 15} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, this court recognized that a sentence is not clearly and convincingly contrary to law

8.

for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range. "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20. In fact, a trial court's consideration of the factors set forth in R.C. 2929.11 and R.C. 2929.12 is presumed even on a silent record. *State v. Montez,* 6th Dist. Lucas No. L-21-1086, 2022-Ohio-640, ¶ 9, citing *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1. (Additional citation omitted.)

{¶ 16} In the instant case, the record demonstrates that appellant's individual prison sentences were not clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b). As the trial court expressly stated in its sentencing judgment entry:

> The Court has considered the record, oral statements, all victim impact statements, the presentence report, the Defendant's sentencing memorandum, letters of input received from community members, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11. The Court inquired if any victims present wished to speak, and has considered any statements made as well. The Court further has balanced the seriousness and recidivism factors under Ohio Revised

9.

Code 2929.12. [Appellant's case] does require a mandatory prison term.
The court finds that the more likely recidivism factors do not outweigh the
less likely factors and the more serious factors outweigh the less serious
factors.

Thus, the trial court expressly stated that it considered the principles and purposes of

sentencing under R.C. 2929.11 and the seriousness and recidivism factors listed under

R.C. 2929.12.

{¶ 17} Next, we consider whether the trial court sentenced appellant within the

statutorily permissible range. The applicable statutory range for appellant's two

convictions for sexual battery was 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. *See* R.C.

2929.14(A)(3)(a). And the applicable statutory range for appellant's two convictions for

pandering sexually-oriented matter involving a minor or impaired person was 2-8 years.

*See* R.C. 2929.14(A)(2)(a). Thus, the trial court's imposition of the maximum prison

terms for those four offenses was within the permissible statutory ranges.

{¶ 18} Finally, we consider whether the trial court properly applied postrelease

control. The court's imposition of a mandatory five-year period of postrelease control

was clearly appropriate under R.C. 2967.28(B)(1).

{¶ 19} Accordingly, appellant's maximum sentences were not clearly and

convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b). *See Tammerine* at ¶

15.

10.

**{¶ 20}** To the extent that appellant's challenge amounts to a disagreement with the trial court's consideration of R.C. 2929.11 and its weighing of the factors set forth in R.C. 2929.12, we dismiss the argument on the grounds that "an appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes." *State v. Montez,* 6th Dist. Lucas No. L-21-1086, 2022-Ohio-640, ¶ 9, citing *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 39, 41-42.

**{¶ 21}** For all of the foregoing reasons, we find appellant's assignment of error not well-taken. The judgment of the Ottawa County Common Pleas court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                _____
                                                       JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.                _____
CONCUR.                                                        JUDGE

_____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.