[Cite as *State v. Pearce*, 2022-Ohio-2617.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-12-161 |
| | : | O P I N I O N |
| - vs - | | 8/1/2022 |
| | : | |
| BRANDON CHRISTOPHERWAYN PEARCE, | : | |
| | : | |
| Appellant. | | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-08-1066

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**PIPER, P.J.**

{¶ 1} On August 26, 2020, appellant, Brandon Pearce, was indicted by the Butler County Grand Jury on 48 counts involving child pornography. He ultimately pled guilty to 23 counts of pandering sexually oriented matter involving a minor, fourth-degree felonies, and one count of illegal use of a minor in a nudity-oriented material or performance, a fifth-degree felony. Pearce timely appeals the sentence imposed by the Butler County Court of

Common Pleas.

{¶ 2} The trial court sentenced Pearce to eight months in prison on each of the 24 counts, which the trial court ordered to be served consecutively. The total prison term imposed by the trial court was 16 years. Pearce raises a single assignment of error for review:

{¶ 3} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. PEARCE WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 4} Pearce asks that we review and reverse his 16-year sentence. He argues the law requires we find the trial court erred in sentencing him to consecutive sentences.

{¶ 5} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "'the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.

{¶ 6} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Stamper*, 12th Dist. Butler No. CA2012-

08-166, 2013-Ohio-5669, ¶ 11.

{¶ 7} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. First, the trial court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). *Id.* Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 8} "A trial court satisfies the statutory requirement of making the required findings when the record reflects that the court engaged in the required analysis and selected the appropriate statutory criteria." *State v. Setty*, 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 113. In imposing consecutive sentences, the trial court is not required to provide a word-for-word recitation of the language of the statute or articulate reasons supporting its findings. *Id.* Nevertheless, the record must reflect that the

trial court engaged in the required sentencing analysis and made the requisite findings. *Id.* The court's findings must thereafter be incorporated into its sentencing entry. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 10.

{¶ 9} On appeal, Pearce argues the record fails to adequately reflect the required findings for the imposition of consecutive sentences. In so doing, he argues there was nothing in the record to indicate that he would commit future crimes and that the 16-year sentence is "harsh and fails to comport with the purposes and principles of felony sentencing." He further claims that the sentence is disproportionate to the danger he poses to the public and that a sentence of community control would have been more beneficial to himself and the community at large.

{¶ 10} Following review, we find the trial court did not err in its sentencing decision, as Pearce's sentence was not contrary to law and was supported by the record. In the present case, the trial court stated that it had considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors contained in R.C. 2929.11 and 2929.12. The trial court stated that Pearce had a limited criminal history but noted that he admitted that he had previously been accused, investigated, or charged with other sex offenses as a juvenile in Lee County, Florida, and had participated in an adolescent treatment program. The trial court stated that Pearce's conduct was graphic, involving pre-pubescent children and infants. The trial court found that Pearce was not amenable to community control.

{¶ 11} The record likewise reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered Pearce's sentences be served consecutively. The trial court found that consecutive sentences were necessary to protect the public and punish Pearce. The trial court found that consecutive sentences are not disproportionate to Pearce's conduct and to the danger he poses to the public. The trial court also found that

multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the Pearce's conduct. Finally, the trial court awarded Pearce with 470 days of jail time credit.

{¶ 12} The trial court later memorialized these findings within its sentencing entry. From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37; *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 35-38.

{¶ 13} Although Pearce disagrees with the trial court's sentencing decision, the trial court determines the weight afforded to the relevant factors or other relevant circumstances. *State v. Steger*, 12th Dist. Butler No. CA2006-03-059, 2016-Ohio-7908, ¶ 18. As we have previously recognized, pandering sexually oriented matter involving a minor is a serious offense and children are seriously harmed by the mere possession of pornography in which they are depicted. *State v. Boggs*, 12th Dist. Butler No. CA2019-07-114, 2020-Ohio-2881, ¶ 14. "[C]onsumers of child pornography victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects." *Id.* By possessing graphic images of minors depicted in sexual activity, Pearce indirectly contributed to, and sponsored, the abhorrent conduct of sexually exploiting children. Preserving such aberrant behavior for repetitive viewing or for the potential dissemination or viewing by others is beyond explanation. Considering the foregoing, we find the trial court's sentencing decision was not contrary to law and its decision to impose consecutive prison terms was appropriate. As a result, we find the trial court did not err in its sentencing

decision.  Pearce's sole assignment of error is overruled.

**{¶ 14}** Judgment affirmed.


S. POWELL and HENDRICKSON, JJ., concur.