[Cite as *State v. Fraley*, 2022-Ohio-3270.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-10-131 |
| | : | O P I N I O N |
| - vs - | | 9/19/2022 |
| | : | |
| TREVOR N. FRALEY, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-11-1857


Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

Brian T. Goldberg, for appellant.



**PIPER, J.**

{¶1}   On November 22, 2019, Fraley was indicted by the Butler County Grand Jury on 101 counts involving child pornography.  He ultimately pled guilty to eight counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(2), second-degree felonies, and eight counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5), fourth degree-felonies.  In exchange for Fraley's

guilty plea, the state agreed to dismiss the remaining counts.

**{¶2}** On October 12, 2021, the trial court held a combined plea and sentencing hearing. The trial court advised Fraley that it could impose a 76-year-prison-term, and an additional four-year term under the Reagan Tokes Act if all counts were run consecutively. After the trial court engaged in a full colloquy, Fraley informed the court that he understood the consequences of his plea and wanted to enter a guilty plea.

**{¶3}** The state read the statement of facts. As stated therein, and as observed by the trial court, the pornography that Fraley distributed, disseminated, and possessed is "abhorrent." The trial court stated, "I don't even know if the word 'abhorrent' is a strong enough word for what is depicted in some of these videos." After entering his guilty plea to the 16 counts, the trial court proceeded to sentencing and imposed the following sanctions:

> Count 2: Pandering Sexually Oriented Matter Involving a Minor (F-2), 7 years;
>
> Count 5: Pandering Sexually Oriented Matter Involving a Minor (F-2), 5 years;
>
> Count 8: Pandering Sexually Oriented Matter Involving a Minor (F-2), 3 years;
>
> Count 11: Pandering Sexually Oriented Matter Involving a Minor (F-2), 8-12 years;
>
> Count 20: Pandering Sexually Oriented Matter Involving a Minor (F-2), 5 years;
>
> Count 23: Pandering Sexually Oriented Matter Involving a Minor (F-4), 15 months;
>
> Count 26: Pandering Sexually Oriented Matter Involving a Minor (F-2), 5 years;
>
> Count 29: Pandering Sexually Oriented Matter Involving a Minor (F-4), 15 months;
>
> Count 32: Pandering Sexually Oriented Matter Involving a Minor (F-4), 18 months;

Count 35: Pandering Sexually Oriented Matter Involving a Minor (F-2), 5 years;

Count 38: Pandering Sexually Oriented Matter Involving a Minor (F-2), 8 years;

Count 41: Pandering Sexually Oriented Matter Involving a Minor (F-4), 18 months;

Count 55: Pandering Sexually Oriented Matter Involving a Minor (F-4), 15 months;

Count 57: Pandering Sexually Oriented Matter Involving a Minor (F-4), 15 months;

Count 59: Pandering Sexually Oriented Matter Involving a Minor (F-4), 18 months;

Count 61: Pandering Sexually Oriented Matter Involving a Minor (F-4), 15 months.

{¶4} The trial court ordered counts 2, 11, 32, 35, 38, and 59 be served consecutively while the remaining counts were ordered to be served concurrently. Therefore, Fraley was sentenced to 31-35 years in prison. He was also designated as a Tier II sexual offender. Fraley timely appealed, raising four assignments of error for review. For ease of discussion, we will address Fraley's assignments of error out of order.

{¶5} Assignment of Error No. 1:

{¶6} THE REAGAN TOKES ACT, AS ENACTED BY THE OHIO LEGISLATOR [sic] IS UNCONSTITUTIONAL, AND THE TRIAL COURT ERRED BY SENTENCING MR. FRALEY UNDER THAT ACT.

{¶7} In his first assignment of error, Fraley challenges the constitutionality of the Reagan Tokes Law on the basis that it violates his due process rights and the separation-of-powers doctrine. However, the arguments he now raises on appeal have been previously considered and rejected by this court. *State v. Bloodworth*, 12th Dist. Warren No. CA2021-08-073, 2022-Ohio-1899, ¶ 50. Specifically, this court has already determined that the

- 3 -

Reagan Tokes Law does not run afoul of an offender's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State v. Henderson*, 12th Dist. Warren No. CA2020-11-072, 2021-Ohio-3564, ¶ 13-16; *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 12-15; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 7-17. We have also determined that the Reagan Tokes Law does not violate the separation-of-powers doctrine. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25. Accordingly, consistent with this court's precedent, Fraley's first assignment of error is overruled.

{¶8} Assignment of Error No. 2:

{¶9} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. FRALEY BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE PRISON TERMS.

{¶10} Assignment of Error No. 4:

{¶11} THE SENTENCE OF 31-35 YEARS IN PRISON IS NOT SUPPORTED BY THE RECORD AND WAS IMPOSED WITHOUT CONSIDERATION OF THE NECESSARY STATUTORY FACTORS.

{¶12} In his second and fourth assignments of error, Fraley alleges that his prison sentence of 31-35 years is not supported by the record and is contrary to law. He also argues that the trial court erred by sentencing him to consecutive prison terms.

{¶13} It is well established that when reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002 ¶ 7; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "'the record does not support

the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law."' *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7, quoting *Marcum* at ¶ 1.

### Aggregate Sentence

{¶14} Fraley argues that the trial court's decision to sentence him to 31-35 years in prison is not supported by R.C. 2929.11 and R.C. 2929.12. The supreme court, however, has held that it is erroneous for an appellate court to review consecutive sentences under R.C. 2929.11. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761. In *Gwynne*, the supreme court explained that R.C. 2929.11 and R.C. 2929.12 only apply to individual sentences and that "[c]onsecutive service may not be ordered under R.C. 2929.14(C)(4) until the sentencing judge imposes * * * a sentence for each count by considering the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 17. Therefore, this court analyzes consecutive sentences for compliance with R.C. 2929.14(C)(4) and not R.C. 2929.11 or R.C. 2929.12. *Id.* at ¶ 18; *State v. Derrick*, 2d Dist. Montgomery No. 28878, 2021-Ohio-1330, ¶ 11; *State v. Lorenzen*, 6th Dist. Ottawa No. OT-21-033, 2022-Ohio-2288, ¶ 11; *State v. Davis*, 8th Dist. Cuyahoga No. 109359, 2022-Ohio-1056, ¶ 13; *State v. Bellomy*, 5th Dist. Fairfield No. 2020 CA 00001, 2020-Ohio-6690, ¶ 24; *State v. Cochran*, 3d Dist. Marion No. 9-21-19, 2022-Ohio-885, ¶ 17; *State v. Marshall*, 1st Dist. Hamilton Nos. C-190748, C-190758, 2021-Ohio-816, ¶ 48.

{¶15} In this case, Fraley does not dispute that the trial court made the necessary consecutive sentencing findings but argues that those findings are not supported by the record. Specifically, Fraley challenges the trial court's finding that the imposition of consecutive sentences was not disproportionate to the danger he poses to the public. While acknowledging that the crimes he pled guilty to were horrific, he argues that he had no prior felony history and only had misdemeanor convictions related to his addiction to

methamphetamine. Since the filing of the charges, Fraley alleges that he has accepted responsibility for his actions and has made changes in his personal life. He therefore maintains that his sentences should be served concurrently.

{¶16} Following review, we find the trial court did not err by sentencing Fraley to consecutive prison terms. In the present case, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) when it ordered Fraley's sentences be served consecutively. The trial court found that consecutive sentences are necessary to protect the public and punish the defendant. The trial court found that consecutive sentences are not disproportionate to Fraley's conduct and to the danger he poses to the public. The trial court also found that multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶17} The trial court memorialized these findings within its sentencing entry. From the trial court's statements at the sentencing hearing and the language used in the sentencing entry, it is clear that the trial court complied with R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37; *State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 35-38.

{¶18} Although Fraley claims to have reformed himself and overcome his addiction to methamphetamine, the trial court's consecutive sentencing findings are fully supported by the record. As we have previously recognized, pandering sexually oriented matter involving a minor is a serious offense and children are seriously harmed by the mere possession of pornography in which they are depicted. *State v. Boggs*, 12th Dist. Butler No. CA2019-07-114, 2020-Ohio-2881, ¶ 14. "[C]onsumers of child pornography victimize the children depicted in child pornography by enabling and supporting the continued

production of child pornography, which entails continuous direct abuse and victimization of child subjects." *Id.* As the trial court observed "pornography is a permanent record of a child's abuse" and distribution of those images inflicts continuing trauma. Fraley possessed and sent video depicting cunnilingus on a pre-pubescent child, touching of the vaginal area of a child, and that child performing fellatio on an adult male. His conduct was horrendous and was not isolated to a single incident. Fraley committed multiple, repeated acts of criminal conduct over a period of time between November 2018 and August 2019. Based upon this extensive record, the trial court's consecutive sentencing findings are well-supported by the record. Considering the foregoing, we find the trial court did not err by imposing consecutive sentences.

**Individual Sentences**

{¶19} In so holding, we also find that even if Fraley had challenged each sentence individually, we would still find that each sentence imposed was not contrary to law. In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the supreme court held that R.C. 2953.08(G)(2) does not authorize an appellate court to review whether the record supports a sentence under R.C. 2929.11 or R.C. 2929.12. *Id.* at ¶ 30. As a result, this court does not independently weigh the evidence in the record to substitute the judgment of the trial court. *Id.* at ¶ 42; *State v. Orender*, 12th Dist. Butler No. CA2021-12-149, 2022-Ohio-2823, ¶ 15.

{¶20} We have held that a sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court

to consider any relevant factors in imposing a sentence. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11.

{¶21} Here, the record reveals that the trial court considered the criteria in R.C. 2929.11 and R.C. 2929.12. During the sentencing hearing, the trial court discussed, at length, the harms of child pornography and that it is not a victimless crime because it involves exploitation of some of the most vulnerable people in society. As noted above, the dissemination of that child pornography exacerbates and continues that exploitation of the victimization of that child. After considering all relevant factors, the trial court stated that a prison term was consistent with the overarching purposes of sentencing and that Fraley was not amenable to community control. The record also shows that each prison sentence was within the authorized statutory range for second- and fourth-degree felonies. Based upon this, each of Fraley's individual prison sentences were not contrary to law.

{¶22} Because we find no error with regard to the trial court's decision to impose consecutive sentences or with regard to the individual prison sentences imposed by the trial court, Fraley's second and fourth assignments of error are overruled.

{¶23} Assignment of Error No. 3:

{¶24} THE IMPOSITION OF A 31-35 YEAR PRISON SENTENCE CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

{¶25} Fraley's third assignment of error argues that his prison sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution because the sentence he received was grossly disproportionate to his conduct. In so doing, Fraley argues that there was no allegation that he engaged in any sexual conduct with minors and that his conduct was related to his addiction to methamphetamine. He also claims that he accepted "full responsibility" by pleading guilty.

**{¶26}** The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

**{¶27}** "[P]roportionality review in the context of cruel and unusual punishment does not apply to aggregate sentences." *State v. Rowland*, 12th Dist. Warren No. CA2019-08-084, 2020-Ohio-2984, ¶ 61. "[I]t is not the aggregate term of incarceration but, rather, the individual sentences that are relevant * * *." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 22. Therefore, under the Eighth Amendment and Section 9, Article I of the Ohio Constitution, "proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *Id*. at ¶ 20. Where the individual sentences imposed on an offender are not grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment. *Id*.

**{¶28}** Furthermore, "[i]t is generally accepted that punishments which are prohibited by the Eighth Amendment are limited to torture or other barbarous punishments, degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community." *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69 (1964). A sentence that falls within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment. *Rowland* at ¶ 63; *McDougle* at 69.

**{¶29}** The sentences imposed in this case were all within the authorized sentencing range and the trial court elected not to impose the maximum sentence for multiple charges. "[A] sentence within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment." *State v. Bosman*, 12th Dist. Butler No. CA2001-05-101, 2002-Ohio-22, 2002 Ohio App. LEXIS 85, *3.

{¶30} Furthermore, nothing about Fraley's individual sentences is "grossly disproportionate" to his corresponding crimes. Despite claiming to accept full responsibility, Fraley attempts to minimize his conduct by suggesting that he never engaged in any of the sexual conduct. However, Fraley's arguments and suggestions are not appropriate mitigation and undercut his claim that he has accepted full responsibility for his actions and has reformed his ways. Although he may not have physically abused a child, that does not relieve him of responsibility for the multiple and repeated instances involving his possession and sharing of graphic child pornography. Fraley was convicted of multiple second- and fourth-degree felonies for participating in a scheme that enables and supports the continued production of child pornography. As such, we find that the sentences do not shock the conscience, and do not constitute cruel and unusual punishment under the Eighth Amendment. Accordingly, Fraley's third assignment of error is overruled.

{¶31} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.