[Cite as *State v. Oberschlake*, 2024-Ohio-2764.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-01-001 |
| | : | O P I N I O N |
| - vs - | | 7/22/2024 |
| | : | |
| DARRIN LESLIE OBERSCHLAKE, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CR 00994


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Zachary Garrison, Assistant Prosecuting Attorney, for appellee.

Brian T. Goldberg, for appellant.



**PIPER, J.**

{¶ 1} On October 4, 2023, Darrin Oberschlake pled guilty to four counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A), second-degree felonies. The images and videos Oberschlake possessed and disseminated showed children, some as young as toddlers, being sexually abused and raped. On December 13, 2023, Oberschlake was sentenced to four years in prison on

Counts 1-3, and three years in prison on Count 4. The trial court imposed the sentences consecutively for a total prison sentence of 15-17 years.[1] Oberschlake timely appeals, raising a single assignment of error for review:

**{¶ 2}** THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WHEN THE RECORD DID NOT SUPPORT THE FINDINGS MADE BY THE TRIAL COURT TO IMPOSE CONSECUTIVE SENTENCES.

**{¶ 3}** In his sole assignment of error, Oberschlake argues the trial court erred by imposing consecutive prison terms. A felony sentence is reviewed under the standard in R.C. 2953.08(G)(2). *State v. Warnock*, 2024-Ohio-382, ¶ 64 (12th Dist.). That provision states that an appellate court may modify or vacate a sentence if the court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Gable*, 2024-Ohio-293, ¶ 8 (12th Dist.).

**{¶ 4}** A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4). *State v. Wood*, 2020-Ohio-422, ¶ 9 (12th Dist.). Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Id.* Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-

---

1. The trial court imposed an indefinite prison term under the Reagan Tokes Law, R.C. 2967.271, et seq.

release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶ 5}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *State v. Miller*, 2022-Ohio-1438, ¶ 10 (12th Dist.).

**{¶ 6}** In this appeal, Oberschlake does not dispute that the trial court made the consecutive sentence findings required by R.C. 2929.14(C)(4). Instead, Oberschlake argues that the record does not support the trial court's findings. Specifically, Oberschlake argues:

1. Consecutive sentences were not necessary to protect the public from future crime or to punish Mr. Oberschlake.

2. The lengthy sentence is also disproportionate to the seriousness of Mr. Oberschlake's conduct and the danger he poses to the public.

3. A single prison term would have adequately reflected the seriousness of his conduct.

During the sentencing hearing, Oberschlake stated that he knew his conduct was wrong but that he struggled with an addiction to pornography. He argues on appeal that he has

accepted responsibility for his actions and "expressed true genuine remorse for what he did." However, he also emphasizes, on more than one occasion, that he did not physically harm any child. He casts the videos and images as mere symptoms of his addiction to pornography. He also argues that he should have received a lesser prison sentence because he had previously served in the military and because this was his first criminal conviction.

{¶ 7} After a thorough review of the record, we find the trial court's consecutive sentence findings were not clearly and convincingly unsupported by the record. The record instead fully supports the trial court's decision. As we have previously stated, pandering sexually oriented matter involving a minor is a serious offense and children are seriously harmed by the mere possession of pornography in which they are depicted. *State v. Boggs*, 2020-Ohio-2881, ¶ 14 (12th Dist.). "[C]onsumers of child pornography victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects." *State v. Pearce*, 2022-Ohio-2617, ¶ 13 (12th Dist.).

{¶ 8} Despite claiming to accept full responsibility, Oberschlake attempts to minimize his conduct by offering that he did not physically harm any child. However, that argument is not appropriate mitigation and undercuts his claim that he has accepted responsibility for his actions. *State v. Fraley*, 2022-Ohio-3270, ¶ 30 (12th Dist.). By possessing and disseminating graphic images of minors being raped and sexually abused, Oberschlake was participating in a scheme that enables and supports the continued production of child pornography.

{¶ 9} The trial court ultimately determined that consecutive sentences were appropriate in light of all relevant considerations. The record fully supports the trial court's findings. Considering the foregoing, we find the trial court's sentencing decision was not

- 4 -

contrary to law and its decision to impose consecutive prison terms was appropriate. Oberschlake's sole assignment of error is overruled.

{¶ 10} Judgment affirmed.


S. POWELL, P.J., and BYRNE, J., concur.