SHEPHERD, J.
Bay Holdings, Inc., a wholly-owned subsidiary of Bank United FSB, appeals an adverse judgment below holding that it does not come under the safe harbor provision of section 718.116(1) of the Florida Statutes. Bay Holdings was the subsequent assignee of a final judgment of foreclosure obtained by Bank United, after Bank United became the foreclosing first mortgagee on a condominium unit in Miami-Dade County, Florida. Section 718.116(1) provides a statutory cap on liability of foreclosing mortgagees for unpaid condominium assessments that become due prior to the first mortgagee’s acquisition of title pursuant to a foreclosure proceeding. Because the statute clearly and unambiguously affords this safe harbor only to first mortgagees or “a subsequent holder of the first mortgage,” (emphasis supplied), we affirm. See § 718.116(1), Fla. Stat.
As the Florida Supreme Court has recently reminded, “[w]e are not at liberty to add words to statutes that were not placed there by the Legislature.” Knowles v. Beverly Enterprises, 898 So.2d 1, 11, 2004 WL 2922097, slip op. at 11 (Fla. December 16, 2004) (Cantero, J., concurring), citing Hayes v. State, 750 So.2d 1, 4 (Fla.1999). To do so, would be an abrogation of legislative power. Donato v. American Tel. & Tel. Co., 767 So.2d 1146, 1150 (Fla.2000); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (courts are “without power to construe an unambiguous statute in a *1198 way which would extend, modify, or limit its express terms”).
Affirmed.