GERBER, J.
The juvenile appeals from the circuit court’s disposition order finding him guilty of trespass on property, withholding adjudication, and issuing him a stern judicial warning. The juvenile argues that the court erred in denying his motion for judgment of dismissal. We agree with the juvenile’s argument. We reverse and remand for dismissal of the trespass charge.
The trespass allegedly occurred at a city park. The park’s entrances contain signs stating that the park is closed from sunset to sunrise and that a violation is punishable as a trespass. Law enforcement officers patrol the park because of numerous crimes there.
After sunset one evening, officers observed a group of ten people, including the juvenile, inside the park. The people were not doing anything illegal or dangerous. However, when the officers approached, the people ran. The officers detained them. The officers warned them to “stay out of the park” and “don’t come back.”
The following afternoon, while the park was open, the officers saw some of the same people, including the juvenile, inside the park. The officers arrested the juvenile for trespass. The state then charged the juvenile via a petition for delinquency with trespass.
After the state presented its evidence at the delinquency hearing, the juvenile moved for a judgment of dismissal. He argued that, at the time of the arrest, the park was open. The circuit court denied the motion.
The court found the juvenile guilty. The court withheld adjudication and gave the juvenile a stern judicial warning to “stay out of the park.”
This appeal followed. The juvenile argues the circuit court erred in denying his motion for judgment of dismissal. Our review is de novo. See T.W. v. State, 98 So.3d 238, 242 (Fla. 4th DCA 2012) (the standard of review applicable to a motion for judgment of dismissal in a juvenile ease is de novo).
We agree with the juvenile’s argument. The officers did not see the juvenile engaging in any activity while the park was closed which justified warning him to “stay out of the park” while the park was open. Based on the foregoing, the circuit court erred in denying the juvenile’s motion for judgment of dismissal. See State v. J.P., 907 So.2d 1101, 1116-18 (Fla.2004) (while protecting juveniles from victimization and reducing juvenile crime satisfy the compelling interest prong of the strict scrutiny test, a restrictive action cannot include “otherwise innocent and legal conduct by minors”). We reverse and remand for dismissal of the trespass charge against the juvenile.

Reversed and remanded for proceedings consistent with this opinion.

STEVENSON and CONNER, JJ., concur.