# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2529
Lower Tribunal No. 2013004708
_____


**South Florida Racing Association, LLC, etc.,**
Appellant,

vs.

**Department of Business and Professional Regulation, etc., et al.,**
Appellee.


An Appeal from the Department of Business and Professional Regulation.

Navon & Lavin, P.A., and Andrew T. Lavin (Ft. Lauderdale), for appellant.

J. Layne Smith and Garnett W. Chisenhall (Tallahassee), for the Department of Business & Professional Regulation; The Lockwood Law Firm, and John Lockwood (Tallahassee), for West Flagler Associates, Ltd.


Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

SCALES, J.

Appellant, South Florida Racing Association, LLC (SFRA), appeals a final order issued by the Division of Business and Professional Regulation, Division of Pari-Mutuel Wagering (Division), which denied SFRA's application seeking a permit to conduct summer jai alai under section 550.0745(1), Florida Statutes (2012).

The Division denied SFRA's permit application because the Division maintained that no summer jai alai permit was available. For the same reason, the Division denied SFRA's competitor, West Flagler Associates, Ltd.'s (West Flagler) summer jai alai permit application. West Flagler appealed its denial to Florida's First District Court of Appeal, while SFRA appealed its denial to this court.

We adopt the well-reasoned majority opinion of our sister court in West Flagler Associates, Ltd. v. Department of Business & Professional Regulation, Division of Pari-Mutuel Wagering, 39 Fla. L. Weekly D1094 (Fla. 1st DCA May 27, 2014) (the West Flagler Appeal), and hold the Division erred in denying SFRA's application for a summer jai alai permit.[1] We concur with the First District Court of Appeal's conclusion in the West Flagler Appeal that the Division's interpretation of the relevant statute governing creation of new summer jai alai permits (section 550.0745) was erroneous.

---

[1] The West Flagler Appeal refers to SFRA as "Hialeah Park."

We write only to address an issue raised in the instant appeal that was not germane to the West Flagler Appeal.[2]

I.

The Division rejected SFRA's additional argument that it is entitled to priority over other applications for a summer jai alai permit. We agree with the Division on this issue.

Section 550.0745(1) provides, in relevant part, the following:

If a permittee who is eligible under this section to convert a permit declines to convert, a new permit is hereby made available in that permittee's county to conduct summer jai alai games as provided by this section, notwithstanding mileage and permit ratification requirements.

SFRA urges that, in order for "the viability of the statute to be maintained," we must interpret the statute to provide priority treatment to the "eligible permit holder" (i.e., the permit holder that had the lowest handle[3] for two consecutive

---

[2] The facts of this case were largely recited in the West Flagler Appeal. For purposes of the present appeal, however, we add the following facts. SFRA, which operates a quarter horse pari-mutuel facility in Miami-Dade County, had the lowest handle (i.e., was the lowest performing economically) among the qualifying permit holders in Miami-Dade County for the 2009-10; 2010-11; 2011-12 state fiscal years. On December 17, 2012, rather than seek to convert its quarter horse permit to a summer jai alai permit, SFRA applied for a summer jai alai permit pursuant to section 550.0745(1). The Division denied SFRA's application.

[3] "Handle" means "the aggregate contributions to pari-mutuel pools" and "[p]ari-mutuel wagering pool" means "the total amount wagered on a race or game for a single possible result." § 550.002(13), (24), Fla. Stat.

years, and, thus the permit holder that is entitled to convert its quarter horse permit to a summer jai alai permit).

The plain and unambiguous language of section 550.0745, however, does not provide any priority treatment to an applicant for a summer jai alai permit. The statute simply provides criteria for conversion of a pari-mutuel permit to a summer jai alai permit. In the event the eligible permit holder declines to convert, the statute provides for creation of a new summer jai alai permit in the affected county.

SFRA's interpretation of the statute would require us to add additional terms to the statute that the Legislature chose not to include. It is well-established that courts "are not at liberty to add words to statutes that were not placed there by the Legislature." Bay Holdings, Inc. v. 2000 Island Blvd. Condo. Ass'n, 895 So. 2d 1197, 1197 (Fla. 3d DCA 2005) (quoting Knowles v. Beverly-Enters.-Fla., Inc., 898 So. 2d 1, 7 (Fla. 2004)).[4]

---

[4] If more than one qualified applicant seeks the issuance of a newly-created summer jai alai permit during the same year, rule 61D-4.002 of the Florida Administrative Code, promulgated by the Division pursuant to section 550.0251, Florida Statutes, should govern the Division's determination of which competing applicant should receive the permit. The rule does not provide for the "eligible permit holder" to receive any special preference. In evaluating a permit application, the rule instructs the Division to consider the following factors:

(a) The potential profitability and financial soundness of the prospective permitholder;
(b) The ability to preserve and protect the pari-mutuel revenues of the state and to ensure the integrity of the wagering pool;
(c) The holdings, transactions, and investments of the applicant connected to previous business ventures;

4

II.

We, therefore, consistent with our sister court's opinion in the <u>West Flagler</u> Appeal, reverse the Division's final order with directions to reinstate SFRA's application for the new summer jai alai permit. Additionally, we affirm the Division's finding that SFRA is not entitled to priority treatment.

Affirmed in part, reversed in part, and case remanded for proceedings consistent with instructions herein.

---

(d) The existence of any judgment or current litigation, whether civil, criminal, or administrative, involving the applicant.

R. 61D-4.002(1), Fla. Admin. Code (2012).