DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**C.M.,** a child,
Appellee.

No. 4D13-2168

[January 7, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 13-1629DL.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellant.

Howard Finkelstein, Public Defender, and Diane M. Cuddihy, Chief Assistant Public Defender, Fort Lauderdale, for appellee.

LEVINE, J.

The state appeals the trial court's dismissal of a petition for delinquency filed against appellee based on the court's finding that the juvenile did not commit a delinquent act. We find that the trial court did not err in dismissing the petition, because the act charged was a noncriminal violation and as such was not a delinquent act or violation of law as required to justify delinquency proceedings. We are therefore compelled to affirm the trial court's dismissal of the state's petition for delinquency.

The state filed a petition for delinquency charging appellee, C.M., with violating section 847.0141(3)(a), Florida Statutes (2013), "Sexting (First Offense)." Appellee allegedly sent an "SMS photograph of her own vagina to a classmate who is a 13 year old [] female." Appellee allegedly "admitted to sending the photograph . . . because she was 'bored.'"

Appellee moved to dismiss the petition arguing that the first offense of sexting, pursuant to section 847.0141(3)(a), was not a violation of law or a delinquent act thereby precluding the juvenile court from having jurisdiction. The state conceded that a first violation of the statute was

noncriminal, but argued that the juvenile court had jurisdiction based, in part, on legislative intent. The trial court found it had jurisdiction and thus denied appellee's "motion to dismiss based upon jurisdictional reasons," but granted the motion to dismiss "based on the fact that the child did not commit a delinquent act." The state appeals the dismissal.

The standard of review of an order dismissing a petition for delinquency is de novo. *K.J. v. State*, 107 So. 3d 523 (Fla. 4th DCA 2013). Further, "[t]he interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." *Kasischke v. State*, 991 So. 2d 803, 807 (Fla. 2008) (citation omitted).

The trial court correctly denied appellee's motion to dismiss based on jurisdiction. Circuit courts "shall have exclusive original jurisdiction" in "all cases relating to juveniles except traffic offenses as provided in chapters 316 and 985." § 26.012(2)(c), Fla. Stat. (2013).[1] In the present case, because appellee is a juvenile alleged to have violated a non-traffic offense, the circuit court has exclusive original jurisdiction.

The trial court was also correct in granting the motion to dismiss based on finding that the juvenile did not commit a delinquent act. A first offense of sexting is a noncriminal violation not constituting a delinquent act or violation of law, and is thus not subject to prosecution through a petition for delinquency.

Florida's sexting statute provides:

> A minor commits the offense of sexting if he or she knowingly . . . [u]ses a computer, or any other device capable of electronic data transmission or distribution, to transmit or distribute to another minor any photograph or video of any person which depicts nudity, as defined in s. 847.001(9), and is harmful to minors, as defined in s. 847.001(6).

§ 847.0141(1)(a), Fla. Stat. (2013). A minor who violates the section "[c]ommits a ***noncriminal violation*** for a ***first violation***, punishable by 8 hours of community service or, if ordered by the court in lieu of community service, a $60 fine." § 847.0141(3)(a), Fla. Stat. (2013) (emphasis added). "The court may also order the minor to participate in

---

[1] Under Chapter 316, circuit courts also have jurisdiction over minors alleged to have committed felony traffic violations, while county courts have jurisdiction over minors alleged to have committed any non-felony traffic violations.

suitable training or instruction in lieu of, or in addition to, community service or a fine." *Id.*

Florida Statutes defines "noncriminal violation" as:

> When used in the laws of this state . . . [t]he term "noncriminal violation" shall mean any offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by no other penalty than a fine, forfeiture, or other civil penalty. A noncriminal violation does not constitute a crime, and conviction for a noncriminal violation shall not give rise to any legal disability based on a criminal offense. The term "noncriminal violation" shall not mean any conviction for any violation of any municipal or county ordinance. Nothing contained in this code shall repeal or change the penalty for a violation of any municipal or county ordinance.

§ 775.08(3), Fla. Stat. (2013).

Under the delinquency statutes, the state attorney files a petition for delinquency in the circuit court to obtain "a finding that a child has committed a delinquent act or violation of law." §§ 985.0301(1), 985.318(1), Fla. Stat. (2013); Fla. R. Juv. P. 8.030(a). The petition shall be filed "where the delinquent act or violation of law occurred." § 985.0301(4)(a), Fla. Stat. (2013). A "violation of law" or "delinquent act" is defined as "a violation of any law of this state, the United States, or any other state which is a misdemeanor or a felony or a violation of a county or municipal ordinance which would be punishable by incarceration if the violation were committed by an adult." § 985.03(57), Fla. Stat. (2013).

In the present case, as admitted by the state, a first violation of the sexting statute is a noncriminal violation. A noncriminal violation does not constitute a crime. Thus, by definition, a first offense of sexting does not fit within the definition of a delinquent act or violation of law under section 985.03(57). Because appellee's alleged conduct does not fit within the statutory definition of a delinquent act or violation of law, a petition for delinquency is not the proper method to prosecute her alleged first offense of sexting. Therefore, the trial court properly dismissed the petition for delinquency.

The state below, and now on appeal, argues that the trial court's dismissal leaves it without a remedy. The state asserts that this court should authorize the use of a petition for delinquency, because it is the

only method to determine if a noncriminal first offense of sexting has occurred. However, the legislature has crafted other statutes that provide detailed procedures for prosecuting juveniles accused of committing other noncriminal violations.[2]

Here, it is up to the legislature to draft statutes to effectuate the procedure for prosecuting a first offense of sexting. The courts "are not at liberty to add words to statutes that were not placed there by the Legislature. To do so, would be an abrogation of legislative power." *Bay Holdings, Inc. v. 2000 Island Blvd. Condo. Ass'n*, 895 So. 2d 1197, 1197 (Fla. 3d DCA 2005) (citations omitted). This premise follows the statutory canon known as the "Omitted-Case Canon," meaning "nothing is to be added to what the text states or reasonably implies (*casus omissus pro omisso habendus est*). That is, a matter not covered is to be treated as not covered." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 93 (2012) (citing *People v. Booth*, 944 N.E.2d 1137, 1139 (N.Y. 2011) (affirming the dismissal of the defendant's indictment where the legislature had failed to criminalize the defined conduct under a revised statute, noting "that courts are not to legislate under the guise of interpretation," and holding that if the statute's "deficiency is to be corrected, it must be done through legislative action, as the Legislature is better equipped to correct any deficiencies that might exist") (citations omitted)). *See also Kortum v. Sink*, 54 So. 3d 1012, 1018 (Fla. 1st DCA 2010) ("It is fundamental that judges do not have the power to edit statutes so as to add requirements that the legislature did not include.") (citation omitted); *Fla. Dep't of Rev. v. Fla. Mun. Power Agency*, 789 So. 2d 320, 323 (Fla. 2001) ("Even where a court is convinced that the Legislature really meant and intended something not expressed in the phraseology of the act, it will not deem itself authorized to depart from the plain meaning of the language which is free from ambiguity.") (citation omitted).

---

[2] For example, under Florida's curfew statute, a minor commits a noncriminal infraction and receives a written warning for a first violation, and a civil fine is imposed for subsequent violations. § 877.22, Fla. Stat. (2013). Florida's truancy statutes require minors to attend school regularly and are noncriminal in nature. *See* § 1003.21, Fla. Stat. (2013). Prosecution is commenced through a truancy petition, various sanctions can be imposed for violations, and the circuit court may use its contempt power to enforce those sanctions. §§ 984.151, 1003.27, Fla. Stat. (2013). Lastly, multiple statutes make it unlawful for minors to possess tobacco products, alcohol, and nicotine products. §§ 569.11(1), 877.112, Fla. Stat. (2013). A minor in possession of these items commits a noncriminal violation and must sign and accept a civil citation, appear before court or pay a fine, and attend remedial programing.

Here, as previously stated, only the legislature can add to the sexting statute to set out the procedure for the prosecution and determination if there has been a violation of the first offense. Until that is effectuated by the legislature, we are bound to the letter of the law and "must apply a statute as [we] find it, leaving to the legislature the correction of assorted inconsistencies and inequalities in its operation." *Guilder v. State*, 899 So. 2d 412, 419 (Fla. 4th DCA 2005) (quoting *State v. Aiuppa*, 298 So. 2d 391, 404 (Fla. 1974)).

Because we are bound by the law as it was passed by the legislature and not allowed to add language to or fill gaps in the statute, we affirm the dismissal by the trial court of the petition for delinquency.

*Affirmed.*

CIKLIN and GERBER JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**