NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-1964

THE STATE OF OHIO, APPELLEE, *v.* FRALEY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Fraley*, Slip Opinion No. 2026-Ohio-1964.]**

*Criminal law—Postconviction relief—R.C. 2953.21—Under R.C. 2953.21(A)(2)(a), a petition for postconviction relief under R.C. 2953.21(A)(1)(a)(i) must be filed no later than 365 days after date on which transcript of trial-court proceedings is filed in a defendant's direct appeal, or if no appeal is taken, no later than 365 days after expiration of the time for filing the appeal—Trial court dismissed appellant's postconviction petition as untimely when appellant filed petition within 365 days after date on which he filed transcript of trial-court proceedings in support of his App.R. 26(B) application to reopen his appeal—A reopened appeal under App.R. 26(B) is not a direct appeal, so filing a transcript of trial-court proceedings in support of an App.R. 26(B) application to reopen does not determine the deadline for filing a postconviction petition—Court of*

*appeals' judgment affirming trial court's judgment dismissing appellant's postconviction petition affirmed.*

(No. 2024-1038—Submitted June 25, 2025—Decided May 29, 2026.)

APPEAL from the Court of Appeals for Butler County, No. CA2023-12-125.

_____

DETERS, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, HAWKINS, and SHANAHAN, JJ., joined. FISCHER, J., concurred in judgment only, with an opinion. BRUNNER, J., dissented, with an opinion.

**DETERS, J.**

{¶ 1} A petition for postconviction relief under R.C. 2953.21(A)(1)(a)(i) must be filed no later than 365 days after the date on which the transcript of the trial-court proceedings is filed in a defendant's direct appeal, or if no appeal is taken, no later than 365 days after the expiration of the time for filing the appeal. R.C. 2953.21(A)(2)(a). The question in this case is what deadline applies when a defendant's appellate counsel fails to file a transcript in the defendant's direct appeal but the defendant files it in support of his App.R. 26(B) application to reopen his appeal.

{¶ 2} Trevor Fraley was convicted of numerous criminal offenses. His direct appeal of his convictions and sentence was dismissed because his appellate counsel failed to timely file a transcript of the trial-court proceedings with the Twelfth District Court of Appeals. *State v. Fraley*, No. CA2021-10-131 (12th Dist. Jan. 19, 2022). Three months later, Fraley filed the transcript in support of his App.R. 26(B) application to reopen his appeal, in which he asserted a claim of ineffective assistance of appellate counsel for failing to file the transcript in the appeal.[1] He later filed a petition for postconviction relief within 365 days of filing

_____

1. The transcripts filed in support of Fraley's application to reopen are not part of the record before us, but proof of their filing is verifiable through the Butler County clerk of courts' online docket.

the transcript. The trial court dismissed the petition as untimely, Butler C.P. No. CR2019-11-1857, 6 (Nov. 7, 2023), and the Twelfth District affirmed, No. CA2023-12-125, ¶ 3 (12th Dist. June 3, 2024).

{¶ 3} Fraley asks us to reverse the court of appeals' judgment affirming the dismissal of his postconviction petition. He argues that because his application to reopen was granted and his appeal was reopened under App.R. 26(B), *see State v. Fraley*, No. CA2021-10-131, 3 (12th Dist. May 4, 2022), it constituted a direct appeal. Therefore, he contends, he had 365 days after the date on which he filed the transcript to file his postconviction petition. We disagree. A reopened appeal under App.R. 26(B) is not a direct appeal, so filing a transcript in support of an application to reopen does not determine the deadline for filing a postconviction petition. The trial court correctly dismissed Fraley's postconviction petition as untimely. We therefore affirm the judgment of the Twelfth District.

## BACKGROUND

{¶ 4} On October 12, 2021, Fraley pleaded guilty to 16 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A) and the trial court sentenced him to serve an aggregate term of 31 to 35 years in prison. Fraley timely appealed to the Twelfth District. According to a scheduling order issued by the court of appeals, Fraley was required to file a transcript of the trial-court proceedings by December 1, 2021. After his appellate counsel missed that deadline, the court of appeals dismissed Fraley's appeal. *Fraley*, No. CA2021-10-131 (12th Dist. Jan. 19, 2022).

{¶ 5} Almost three months after his direct appeal was dismissed, on April 11, 2022, Fraley filed an application to reopen his appeal under App.R. 26(B),

---

We may take judicial notice of such online court records. *See State ex rel. Curtis v. Turner*, 2024-Ohio-2682, ¶ 12. We likewise take judicial notice of two other online court records that are verifiable through the Butler County clerk of courts' online docket but that are not part of the record before us: a scheduling order issued by the court of appeals and Fraley's application to reopen.

arguing that his appellate counsel was ineffective when counsel failed to file the transcript of the trial-court proceedings in Fraley's appeal. On April 20, Fraley filed the transcript in support of his application. The Twelfth District granted Fraley's application, *Fraley*, No. CA2021-10-131, at 3 (12th Dist. May 4, 2022), and ultimately, affirmed his convictions and sentence, *State v. Fraley*, 2022-Ohio-3270, ¶ 31 (12th Dist.).

{¶ 6} Almost a year after he filed the transcript, on April 18, 2023, Fraley filed a petition for postconviction relief. The State of Ohio filed a motion to dismiss the petition as untimely because it had not been filed within 365 days after the expiration of Fraley's time for filing a direct appeal as required by R.C. 2953.21(A)(2)(a). Fraley responded by arguing that the petition was timely as it was filed within 365 days after the date on which he filed the transcript in support of his application to reopen his appeal. The trial court dismissed Fraley's petition as untimely. Butler C.P. No. CR2019-11-1857, at 6 (Nov. 7, 2023). Fraley appealed to the Twelfth District, which affirmed the trial court's judgment dismissing Fraley's petition. No. CA2023-12-125, at ¶ 3 (12th Dist. June 3, 2024).

{¶ 7} We accepted Fraley's appeal on a single proposition of law:

Under the plain language of R.C. 2953.21(A)(2)(a), a petition for post-conviction relief following the "delayed re-opening of an appeal" within ninety (90) days of the appeal being dismissed for counsel's failure to timely file a transcript of proceedings is timely when filed no later than three hundred and sixty-five days after the date in which the trial transcript is filed in the court of appeals.

*See* 2024-Ohio-4713.

4

**ANALYSIS**

{¶ 8} "[A] postconviction proceeding is a collateral civil attack on the judgment," and "the 'right to file a postconviction petition is a statutory right, not a constitutional right.'" *State v. Apanovitch*, 2018-Ohio-4744, ¶ 35, quoting *State v. Broom*, 2016-Ohio-1028, ¶ 28. Because the right to seek postconviction relief is statutory in nature, a petitioner receives "only those rights specifically enumerated in [R.C. 2953.21's] provisions and no more." *Broom* at ¶ 28. And Ohio's statutory scheme for postconviction relief places a time limit on a petitioner's ability to exercise his right to file a postconviction petition. *See Apanovitch* at ¶ 36; R.C. 2953.23(A). A trial court has no jurisdiction to consider an untimely postconviction petition except in limited circumstances that are not applicable here. *See Apanovitch* at ¶ 38; R.C. 2953.23(A).

{¶ 9} R.C. 2953.21(A)(2)(a) prescribes two separate deadlines for filing a postconviction petition under R.C. 2953.21(A)(1)(a)(i). The deadline that applies to a particular petitioner depends on the circumstances of his case. When a petitioner takes a direct appeal and files a transcript, the first deadline applies: the petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2)(a). The second deadline applies if "no appeal is taken": "the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." *Id.*

{¶ 10} Fraley argues that his postconviction petition was subject to the first deadline, with the count starting when he filed the transcript in support of his App.R. 26(B) application to reopen his appeal. To understand his argument, we turn our attention to App.R. 26(B). The rule provides a mechanism for reopening a direct appeal when a defendant alleges a claim of ineffective assistance of appellate counsel. *See Morgan v. Eads*, 2004-Ohio-6110, ¶ 6-8. Under the rule, "[a] defendant in a criminal case . . . may apply for reopening of the appeal from

5

the judgment of conviction and sentence . . . based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). The application to reopen must include "[a]ny parts of the record available to the applicant . . . upon which the applicant relies." App.R. 26(B)(2)(e). If a defendant demonstrates a genuine issue of ineffective assistance of appellate counsel, the court of appeals must grant the application, App.R. 26(B)(5), and "the case shall proceed as on an initial appeal . . . except that the court may limit its review to those assignments of error and arguments not previously considered," App.R. 26(B)(7).

{¶ 11} Fraley argues that because his case moved forward as on an initial appeal after the Twelfth District granted his application to reopen, the time to file his postconviction petition started on the date that he filed the transcript of the trial-court proceedings in support of his application, which was April 20, 2022. Thus, in Fraley's view, his reopened appeal constituted a direct appeal, the first deadline prescribed in R.C. 2953.21(A)(2)(a) applies to the filing of his petition, and his petition was therefore timely because it was filed before the deadline of April 20, 2023.

{¶ 12} The State counters that under this court's decision in *Morgan*, an application to reopen under App.R. 26(B) is not part of a direct appeal. Thus, the State argues, the second deadline prescribed in R.C. 2953.21(A)(2)(a) applies: Fraley had to file his postconviction petition no later than November 17, 2022, which was 365 days after the expiration of his time for filing his direct appeal. We agree with the State that filing a transcript in support of an application to reopen does not trigger the first deadline.

{¶ 13} In *Morgan*, this court considered two questions posed by a federal court. The first question asked whether an application to reopen an appeal under App.R. 26(B) is "'part of the direct appeal from a judgment of conviction.'" *Morgan*, 2004-Ohio-6110, at ¶ 2. If the answer to that question was yes, the second

question asked at what stage the application-to-reopen proceeding becomes part of the direct appeal. *Id.* at ¶ 3.

**{¶ 14}** Regarding the first question, this court held that an App.R. 26(B) application to reopen is not part of a defendant's direct appeal. *Id.* at ¶ 9, 26. The court explained that App.R. 26(B) was adopted "to establish a collateral postconviction process by which criminal defendants could raise claims of ineffective assistance of appellate counsel." *Id.* at ¶ 7. The court described how the procedure under App.R. 26(B) is more akin to a collateral postconviction petition than a direct appeal. For instance, like a postconviction petition, an application to reopen "requires that an applicant submit additional matter not in the record of the trial to support claims that appellate counsel was ineffective," *id.* at ¶ 11. In contrast, a court of appeals' review in a direct appeal is "limited to the record of the proceedings at trial," *id.* at ¶ 13.

**{¶ 15}** This court further explained that jurisdictional rules apply differently to direct appeals and applications to reopen. "If a case is pending on appeal in this court, an Ohio court of appeals has no jurisdiction to alter or amend the judgment it previously rendered. In contrast, under our rules of jurisdiction, a court of appeals has the authority to consider an application under App.R. 26(B), even though an appeal of the case is pending before this court." *Id.* at ¶ 14. This court observed that it "defies logic to assume that two *original* direct appeals are occurring simultaneously in this court and in the court of appeals." (Emphasis in original.) *Id.* at ¶ 16.

**{¶ 16}** Another feature of a reopened appeal that resembles a collateral postconviction proceeding is that a court of appeals has the freedom to "'limit its review to those assignments of error and arguments not previously considered,'" *Morgan*, 2004-Ohio-6110, at ¶ 17, quoting App.R. 26(B)(7)—discretion that is not available in a direct appeal.

**{¶ 17}** In view of an application to reopen's similarity to a collateral postconviction proceeding and its distinction from the direct-appeal process, this court in *Morgan* concluded that an application to reopen under App.R. 26(B) is not part of a defendant's direct appeal. *Id.* at ¶ 9, 26. Consequently, the court found that the federal court's second question, which asked at what stage the application-to-reopen proceeding becomes part of the direct appeal, was moot. *Id.* at ¶ 3-4, 26.

**{¶ 18}** Fraley contends in his reply brief that this court's refusal to reach the second question in *Morgan* leaves open the possibility that an App.R. 26(B) application to reopen becomes part of a direct appeal once it has been granted. This argument is unavailing. In *Morgan*, we did not reach the second question because answering it was not necessary. *See id.* at ¶ 4, 26. The court's answer to the first question conclusively determined that "the App.R. 26(B) process is not part of a criminal defendant's direct appeal." *Id.* at ¶ 26. The "App.R. 26(B) process" includes both the application and the reopened appeal if the application is granted, so the holding of *Morgan* applies to the entirety of the App.R. 26(B) process.

**{¶ 19}** This court's decision in *State v. Fuller*, 2009-Ohio-722, further supports rejecting Fraley's argument. In *Fuller*, the First District Court of Appeals had concluded that a transcript filed after an application to reopen was granted was filed in a direct appeal for purposes of R.C. 2953.21's time restrictions. *See State v. Fuller*, 2008-Ohio-4721, ¶ 2-4, 10-11 (1st Dist.). This court summarily reversed the First District's judgment on the authority of *Morgan*. *Fuller*, 2009-Ohio-722, at ¶ 2.

**{¶ 20}** What's more, adopting Fraley's argument would not help his cause. It is undisputed that he filed the transcript of the trial-court proceedings during the first stage of the App.R. 26(B) process—before his application to reopen was granted. So even if we were to decide that a reopened appeal becomes part of the direct appeal when an application to reopen is granted, that would have no bearing on these facts—the transcript would not have been filed in Fraley's direct appeal.

Fraley would get the benefit of the first deadline for filing a postconviction petition only if the application stage of the App.R. 26(B) process is considered part of a direct appeal; in that circumstance, his transcript would have been filed in the direct appeal. But Fraley concedes in his reply brief that this court already held in *Morgan* that an application to reopen is not part of a direct appeal. *See Morgan*, 2004-Ohio-6110, at ¶ 9, 26. The transcript of the trial-court proceedings was therefore not filed in his direct appeal, and his postconviction petition was untimely.

{¶ 21} Amicus curiae, the Office of the Ohio Public Defender, calls attention to a "gap" in R.C. 2953.21(A)(2)(a): the statute is silent about the filing deadline when a direct appeal is filed but a transcript is not. The opinion concurring in judgment only charges that we give "short shrift" to Fraley's arguments by "simply concluding that the first deadline . . . does not apply" without resolving the gap. Opinion concurring in judgment only, ¶ 23. But this criticism overlooks that Fraley's sole argument has always been that the first deadline applies because, according to Fraley, a reopened appeal is a direct appeal. At no point—not in the trial court, the court of appeals, or here—did Fraley raise arguments about the second deadline prescribed in R.C. 2953.21(A)(2)(a) or the gap. We decline to consider issues beyond those raised by Fraley's proposition of law.

**CONCLUSION**

{¶ 22} Fraley's sole challenge to the trial court's conclusion that his postconviction petition was untimely is that his reopened appeal was part of his direct appeal and that he timely filed his petition within 365 days after the date on which he filed the transcript of the trial-court proceedings in support of his application to reopen his appeal. Because an application to reopen and a reopened appeal are not part of a direct appeal and Fraley's sole challenge fails, we affirm the judgment of the Twelfth District Court of Appeals.

Judgment affirmed.

_____

9

**FISCHER, J., concurring in judgment only.**

{¶ 23} A petition for postconviction relief under R.C. 2953.21(A)(1)(a)(i) must be filed within 365 days after the date on which the trial transcript is filed in a defendant's direct appeal or, if no appeal is taken, within 365 days after the expiration of the time for filing the direct appeal. R.C. 2953.21(A)(2)(a). The majority oversimplifies this case and gives short shrift to appellant Trevor Fraley's arguments by simply concluding that the first deadline—365 days after the date on which the trial transcript is filed in a defendant's direct appeal—does not apply, because a reopened appeal under App.R. 26(B) is not a direct appeal. I agree that a reopened appeal is not a direct appeal, *see Morgan v. Eads*, 2004-Ohio-6110, ¶ 9, 26, and therefore, I agree that the first deadline prescribed in R.C. 2953.21(A)(2)(a) does not apply.

{¶ 24} But the majority never analyzes what deadline *does* apply. It notes that appellee, the State of Ohio, argues that the second deadline prescribed in R.C. 2953.21(A)(2)(a) applies—365 days after the expiration of the time for filing the direct appeal. Majority opinion, ¶ 12. But the majority never looks to the language of the statute to see whether that second deadline *does* apply, and it never expressly adopts the State's argument; instead, the majority concludes that the first deadline is not triggered by the filing of a trial transcript in support of an application to reopen, *id.*

{¶ 25} By its very language, the second deadline prescribed in R.C. 2953.21(A)(2)(a) does *not* apply to this case. R.C. 2953.21(A)(2)(a) says the second deadline applies only "[i]f no appeal is taken." But in this case, an appeal *was* taken. Fraley filed a direct appeal in this case. However, the Twelfth District Court of Appeals dismissed his direct appeal when his appellate counsel failed to timely file a trial transcript. *State v. Fraley*, No. CA2021-10-131 (12th Dist. Jan. 19, 2022). This is what necessitated his filing an App.R. 26(B) application to reopen in the first place. Therefore, the second deadline prescribed in R.C.

2953.21(A)(2)(a) does not apply either.

{¶ 26} But the majority fails to even address this issue. It calls the statute's silence "about the filing deadline when a direct appeal is filed but a transcript is not" a "gap" in R.C. 2953.21(A)(2)(a). Majority opinion at ¶ 21. I agree that there is a gap in the statute that I believe must be addressed by the General Assembly. But until that gap is addressed, this court must determine what the deadline is for filing a postconviction petition in a case such as Fraley's. The majority fails to make that determination, instead concluding that Fraley's petition was untimely without analyzing what deadline applies or why. I am at a loss to understand how the majority can conclude that Fraley's petition was untimely without first determining the date that his petition was due.

{¶ 27} I believe that the majority opinion is deficient in its failure to determine what the deadline is for filing a postconviction petition in a case such as Fraley's, and I would address that issue. I agree with the majority that a "petitioner receives 'only those rights specifically enumerated in [R.C. 2953.21's] provisions and no more'" (bracketed text in original), *id.* at ¶ 8, quoting *State v. Broom*, 2016-Ohio-1028, ¶ 28, but a deadline is not a "right." The right to file a postconviction petition is granted by R.C. 2953.21(A)(1)(a)(i). R.C. 2953.21(A)(2)(a) merely provides the deadline for invoking that right. However, it does not place a deadline on invoking that right when the petitioner has filed a direct appeal but has not filed a trial transcript in that appeal. Therefore, I must conclude that there is no statutory deadline that applies in that situation.

{¶ 28} Nevertheless, there must be a deadline for filing a postconviction petition. The time to invoke that right cannot be unlimited. In the absence of any clear directive in the statute, this court must determine which deadline the General Assembly intended to apply. *See Symmes Twp. Bd. of Trustees v. Smyth*, 2000-Ohio-470, ¶ 12, quoting *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 190 (1980) ("'Where a statute is found to be subject to various interpretations, however, a court

called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at the legislative intent.'").

{¶ 29} The General Assembly has provided two deadlines for filing postconviction petitions: within 365 days after the date on which the trial transcript is filed in a defendant's direct appeal or, if no appeal is taken, within 365 days after the expiration of the time for filing the direct appeal. R.C. 2953.21(A)(2)(a). Based on these two deadlines, it is clear that the General Assembly intended the deadline to be based on the timing of a direct appeal. A reopened appeal under App.R. 26(B) is not a direct appeal, *see Morgan*, 2004-Ohio-6110, at ¶ 9, 26, and to base the deadline for filing a postconviction petition on the timing of a reopened appeal would extend the deadline beyond the time intended by the General Assembly. Furthermore, while Fraley filed a trial transcript in support of his App.R. 26(B) application to reopen his appeal, there will be cases in which a direct appeal is filed but the trial transcript is never filed. In those instances, the only statutory deadline for filing a postconviction petition that could possibly be applied is the second one. Therefore, to effectuate the intent of the General Assembly, I would hold that when a direct appeal is filed but no trial transcript is filed in that appeal, the deadline for filing a petition for postconviction relief is within 365 days after the expiration of the time for filing the direct appeal.

{¶ 30} The majority summarily rejects Fraley's arguments and concludes that his petition was untimely without actually engaging in a proper analysis to determine what the deadline for filing a postconviction petition was in his case. Therefore, I concur in judgment only.

––––––––––––––––––––

**BRUNNER, J., dissenting.**

{¶ 31} I respectfully dissent. In my view, the Twelfth District Court of Appeals erred when it held that appellant Trevor Fraley's petition for postconviction relief was untimely. I would therefore reverse its judgment.

{¶ 32} R.C. 2953.21(A)(1)(a)(i) grants "[a]ny person who has been convicted of a criminal offense" a statutory right to file a petition for postconviction relief claiming "such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."

{¶ 33} To exercise this statutory right, a person must comply with the applicable filing deadline. Under R.C. 2953.21(A)(2)(a), a petition must be filed within 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" or, "[i]f no appeal is taken, . . . [within 365] days after the expiration of the time for filing the appeal."

{¶ 34} Fraley was convicted of numerous criminal offenses in 2021, and in 2023, he sought to exercise the statutory right granted him by R.C. 2953.21(A)(1)(a)(i) by filing a petition for postconviction relief asserting three claims of ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution. The trial court dismissed the petition as untimely, Butler C.P. No. CR2019-11-1857, 6 (Nov. 7, 2023), and the Twelfth District affirmed, No. CA2023-12-125, ¶ 3 (12th Dist. June 3, 2024).

{¶ 35} We agreed to review the Twelfth District's judgment to consider how the filing-deadline provision, R.C. 2953.21(A)(2)(a), applies in light of the procedural history between when Fraley was convicted and when he filed his petition for postconviction relief. The key points of that history are as follows:

- After Fraley was convicted, his judgment of conviction was filed October 18, 2021, and therefore, the filing deadline for him to pursue a direct appeal was November 17, 2021. *See* App.R. 4(A)(1).

- Before that deadline passed, Fraley's appellate counsel initiated a direct appeal. Fraley's counsel subsequently failed to file a transcript of the trial-court proceedings by the deadline set by the Twelfth District, which led the Twelfth District to dismiss the appeal on January 19, 2022. *See State v. Fraley*, No.

CA2021-10-131 (12th Dist. Jan. 19, 2022).

- On April 11, 2022, Fraley filed a timely application to reopen his appeal under App.R. 26(B). On April 20, he filed the transcript in support of his application.

- The Twelfth District granted Fraley's application, *State v. Fraley*, No. CA2021-10-131, 3 (12th Dist. May 4, 2022), and later affirmed his convictions and sentence, *State v. Fraley*, 2022-Ohio-3270, ¶ 31 (12th Dist.).

- Fraley filed his petition for postconviction relief on April 18, 2023.

Notably, the date on which Fraley filed his petition (April 18, 2023) was more than 365 days after the filing deadline for pursuing his direct appeal had expired (November 17, 2021) but within 365 days after he had filed the transcript in support of his application (April 20, 2022).

{¶ 36} The trial court dismissed Fraley's petition for postconviction relief as untimely. Butler C.P. No. CR2019-11-1857, at 6 (Nov. 7, 2023). It reasoned that the portion of R.C. 2953.21(A)(2)(a) allowing a petition to be filed within 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" did not apply here. *See* Butler C.P. No. CR2019-11-1857, at 3-6 (Nov. 7, 2023). Although Fraley filed the transcript of the trial-court proceedings in support of his application to reopen his appeal, we have held that an App.R. 26(B) application to reopen is not part of a direct appeal. *See Morgan v. Eads*, 2004-Ohio-6110, ¶ 9, 26. Based on *Morgan*, the Twelfth District affirmed the trial court's judgment dismissing Fraley's petition. *See* No. CA2023-12-125, at ¶ 2-3 (12th Dist. June 3, 2024).

{¶ 37} I would reverse the Twelfth District's judgment affirming the trial court's judgment dismissing Fraley's petition for postconviction relief. R.C. 2953.21(A)(2)(a) is silent about the filing deadline in the situation that Fraley has presented for our review. As the trial and appellate courts recognized, the first deadline identified in the filing-deadline provision—within 365 days "after the date on which the trial transcript is filed in the court of appeals in the [defendant's] direct

appeal"—does not apply here. Our decision in *Morgan* makes that clear. The second deadline in the filing-deadline provision—"[i]f no appeal is taken, . . . [within 365] days after the expiration of the time for filing the appeal"—also does not apply because a direct appeal *was* taken.

{¶ 38} Nonetheless, the inapplicability of these two deadlines does not establish that Fraley's petition for postconviction relief was untimely. Instead, it means that, although Fraley has a statutory *right* to file his petition, the General Assembly has not identified any *deadline* for a person in his situation. R.C. 2953.21(A)(2)(a) therefore contains a gap.

{¶ 39} The opinion concurring in judgment only concludes that this court should fill the gap by "determin[ing] which deadline the General Assembly intended to apply" to a person in Fraley's situation. Opinion concurring in judgment only, ¶ 28. Though it vaguely suggests that it is interpreting text in the statute, *see id.*, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 2000-Ohio-470, ¶ 12, it never identifies any text it believes is ambiguous or requires interpretation. Instead, it appears to be supplying its own common-law rule to fill the gap. The majority opinion, by contrast, takes the opposite approach and declines to supply its own rule to fill the gap.

{¶ 40} Both approaches are wrong.

{¶ 41} The opinion concurring in judgment only shows the folly of proceeding as a "telepathic time-traveler and collaborative lawmaker," Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, 350 (2012). The opinion finds it "clear that the General Assembly intended the deadline to be based on the timing of a direct appeal." Opinion concurring in judgment only at ¶ 29. That may be a fair conclusion with respect to the two situations the legislature addressed expressly in R.C. 2953.21(A)(2)(a)—i.e., when the trial transcript is filed in a direct appeal and when no direct appeal is taken. But it does not necessarily follow, as the opinion contends, that the General Assembly would have tied the deadline to

the expiration of the time for filing the direct appeal if it had chosen to address the gap in R.C. 2953.21(A)(2)(a). *See id.* at ¶ 29. It just as easily could have set another deadline, including a deadline specifically for situations in which a direct appeal was filed but then dismissed for failure to file a transcript. Nothing in *Morgan* would prevent the General Assembly from deciding, for example, that filing the trial transcript in an App.R. 26(B) proceeding is materially similar to filing the trial transcript in a direct appeal (because the final stage in an App.R. 26(B) proceeding involves an attack on the *trial court's* judgment, *see* App.R. 26(B)(7), just like a direct appeal) and therefore the deadline for the former should be similar to that of the latter. The opinion concurring in judgment only makes unjustified conclusions about what the General Assembly would have enacted if it had decided to fill the gap in R.C. 2953.21(A)(2)(a).

{¶ 42} The majority opinion takes a different approach. It correctly holds that the first deadline in R.C. 2953.21(A)(2)(a) does not apply to a person in Fraley's situation, *see* majority opinion, ¶ 12, but it does not proceed to consider what deadline *does* apply in his situation, if any. As explained above, the second deadline in R.C. 2953.21(A)(2)(a)—"[i]f no appeal is taken, . . . [within 365] days after the expiration of the time for filing the appeal"—does not apply because a direct appeal *was* taken here by Fraley. The majority therefore neglects to recognize the obvious implication of these conclusions: because Fraley had a right to file his petition for postconviction relief under R.C. 2953.21(A)(1)(a)(i) and because the petition was not filed after the expiration of any applicable filing deadline in R.C. 2953.21(A)(2)(a), *the petition was not untimely*.

{¶ 43} The best approach in this case is for the court to apply the omitted-case canon—the principle that "a matter not covered is to be treated as not covered" (boldface deleted), Scalia & Garner, *Reading Law*, at 93. As an example of this canon's application, former Justice Scalia and Garner pointed to a decision from New York, *People v. Boothe*, 16 N.Y.3d 195 (2011), in stating:

[A] New York statute had provided criminal penalties for a person who committed a "fraudulent insurance act," a term defined in the statute. The legislature later amended the statute to add a new defined term, "fraudulent healthcare insurance act," but did not change the substantive part of the law to make that newly defined act unlawful. The chief operating officer of a managed-healthcare provider was charged with committing a "fraudulent healthcare insurance act"—which the prosecution argued was a subspecies of a fraudulent insurance act. The New York Court of Appeals rightly ordered the case dismissed. The legislature had failed to criminalize the defined conduct; if that omission was inadvertent, the remedy lay with the legislature.

(Footnotes omitted.) Scalia & Garner, *Reading Law*, at 97. The same result is appropriate here. Although it appears that the General Assembly mistakenly failed to provide a deadline for all circumstances in which a petition for postconviction relief may be filed, the remedy for that apparent mistake lies with the General Assembly. In the meantime, this court should apply the text enacted by the General Assembly—imperfect though it may be—and hold that the trial and appellate courts erred when they concluded that Fraley's petition was untimely.

{¶ 44} I would therefore reverse the judgment of the Twelfth District Court of Appeals. Because the majority opinion concludes otherwise, I respectfully dissent.

_____

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Santen & Hughes, L.P.A., and H. Louis Sirkin, for appellant.

Elizabeth R. Miller, Ohio Public Defender, and Mallorie Thomas, Timothy B. Hackett, and Christie Bebo, Assistant Public Defenders, urging reversal for amicus curiae, Office of the Ohio Public Defender.

_____